**No. 50665.**—Protests 108058–K, etc., of C. J. Tower & Sons (Buffalo).

Opinion by KEEFE, J. It was stipulated that the boron carbide in question is the same in all material respects as that the subject of *Tower & Sons* v. *United States* (14 Cust. Ct. 84, C. D. 917). In accordance therewith the merchandise was held dutiable as claimed.

**No. 50666.**—Protests 112418–K, etc., of C. J. Tower & Sons (Buffalo).

Opinion by KEEFE, J. It was stipulated that the boron carbide in question is the same in all material respects as that the subject of *Tower & Sons* v. *United States* (14 Cust. Ct. 84, C. D. 917). In accordance therewith the merchandise was held dutiable as claimed.

**No. 50667.**—Protests 39752–K, etc., of Armour & Co. et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and the cited decisions, the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) 2½ percent for cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42148, and Abstract 48269; and (2) 1 percent for the cheese similar to the Reggiano cheese the subject of *Scaramelli* v. *United States, supra*. The protests were sustained to this extent.

**No. 50668.**—Protests 54969–K, etc., of Wilson & Co. et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and the cited decision, the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) 2½ percent for cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706); and (2) 1 percent for the cheese similar to the Reggiano cheese the subject of *Scaramelli* v. *United States, supra*. The protests were sustained to this extent.

**No. 50669.**—Protests 95475–K, etc., of Rousos Bros. et al. (New York).

Opinion by KEEFE, J. At the trial it was stipulated that the reliquidation of the entries herein involved is similar in all material respects to that in *Bel Paese Sales Co., Inc.* v. *United States* (15 Cust. Ct. 7, C. D. 932). In accordance with stipulation and following the decision cited, judgment was entered directing the collector to reliquidate the entries herein, refunding the duty established to have